The declaration was against both Wingate and Hastings on the following note.
"Dollars 391 40. On demand, we promise to pay to Layton and Sipple, their heirs or assigns, $391 40, for value received, with interest until paid. And we do hereby authorize and empower any attorney, of any court of record within the state of Delaware, to appear for us at the suit of the said Layton and Sipple, and hereupon to confess judgment with stay of execution until the first of July next; hereby releasing all error in said judgment, or execution.
"Witness our hands and seals, this third day of June, 1834.
 (Signed,) WINGATE HASTINGS, [Seal.]
Witness, WM. G. CARLISLE."
The witness, William G. Carlisle, upon being called, proved his own signature to the note, and that he saw it executed by a person whom he did not know.
The note was offered in evidence and objected to.
It is not proved. The witness not knowing the person who executed the note, can only prove his own signature to it. But, under the circumstances, we would hold proof of the handwriting of the obligor connected with the testimony already given, as sufficient. If the subscribing witness was dead, proof of his hand-writing, *Page 148 
with proof of the obligor's, would be sufficient. The witness here is unable to identify the obligor, being personally unacquainted with him; he proves his own signature, however, and that some person did execute the paper. Under these circumstances, proof of the obligor's hand-writing would be equivalent to the proof common in case of the death of the instrumentary witness.
Proof was then made that the signature of Wingate and Hastings was in the hand-writing of Hastings; and the note was admitted.
But,
Cullen, for the defendants, moved a non-suit, on the ground that there could be no recovery against the estate of Wingate, who never executed the note, because one partner could not bind the firm by a sealed instrument; nor could there be any recovery against Hastings, for the note declared on is a joint note, and the evidence, at most, establishes a separate note of Hastings, if it does so much as that.
And of this opinion were the Court, though
Ridgely, for plaintiff, contended, that if he could prove a subsequent ratification by Wingate, a payment of interest, or other acknowledgment, it would bind him; and he cited 19 Johns. Rep.
513, 554; 1 Dallas Rep. 119; 13 Johns. Rep. 307.
The Court said that this would not help him in a court of law. The cases only assert the principle in equity, where different rules obtain. If the plaintiff had declared against Hastings alone, he might have recovered on this note as the separate deed of the party who sealed it; for, though it assumes to be the joint act of the partners, and the expression used is, we promise, c., it may be construed the separate obligation of the individual signing. He but uses, as the books say, the royal style, which will bind him as well as any other. The plaintiff, having declared on a joint note, and shown only a several liability, must be
 Nonsuited.